[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10581
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2012
JOHN LEY
CLERK

Docket No. 1:10-cv-01403-CAP

CLEVE L. MOLETTE,

Plaintiff-Appellant,

versus

THE STATE OF GEORGIA, et al.
WILLIAM BOWEN,
Newton Co. Deputy Sheriff; in Official Capacity only,
THE COUNTY OF NEWTON, GA.,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 27, 2012)

Before TJOFLAT, EDMONDSON, and FAY, Circuit Judges.


PER CURIAM:

Cleve L. Molette, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 lawsuit for failure to state a claim, Fed.R.Civ.P. 12(b)(6). No reversible error has been shown;[1] we affirm.

Molette's suit arose from his arrest for loitering and the resulting seizure of his handgun. He contends both acts violated his Fourth Amendment rights. In his first amended complaint, Molette named as defendants the State of Georgia, three state prosecutors, Newton County Deputy Sheriff William Bowen, and two other deputy sheriffs. In a June 2010 order, the district court dismissed Molette's claims against the State of Georgia and against the state prosecutors as barred by the Younger abstention doctrine[2] and dismissed as moot Molette's motion seeking to enjoin the state's criminal proceedings against him.

Molette then filed a second amended complaint, naming only Bowen, in his official capacity, and Newton County, Georgia as defendants.[3] Molette alleged that Bowen violated his Fourth Amendment rights and that -- because Bowen was a county employee who was acting within the scope of his authority and in furtherance of county business -- Newton County was vicariously liable for

---

[1]Molette's motion for leave to file a second reply brief is granted.

[2]Younger v. Harris, 91 S.Ct. 746 (1971).

[3]In doing so, Molette abandoned expressly his claim against Bowen in his individual capacity and his claims against the two other deputy sheriffs identified in his first amended complaint.

2

Bowen's acts under the theory of respondeat superior. On 6 January 2011, the district court granted Bowen's and Newton County's motion to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6). The district court also denied as moot Bowen's and Newton County's motion to stay discovery and denied Molette's motion for summary judgment.

As an initial matter, we must first determine the scope of our jurisdiction over this appeal. Fed.R.App.P. 3(c)(1)(B) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." "Although we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice." Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987). When a notice of appeal names a specific order to be appealed, "we must infer that the appellant did not intend to appeal other unmentioned orders or judgments." Id. at 1529; see also Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (explaining that when the appellant listed a specific order in his pro se notice of appeal, we lacked jurisdiction to review claims that were dismissed in an earlier unnamed order).

In his notice of appeal, Molette stated that he sought to appeal "from the order granting Motion to Dismiss; denying as moot Motion to Stay; [and] denying

3

Motion for Summary Judgment entered in this action on the 6th day of January, 2011." In addition, the caption of his notice of appeal listed only Bowen and Newton County as defendants -- not the State of Georgia or the state prosecutors. Because Molette identified only the district court's 6 January 2011 order in his notice of appeal and because nothing on the face of the notice otherwise evidenced that he also intended to appeal the court's June 2010 order, we lack jurisdiction to consider the district court's dismissal of Molette's claims against the State of Georgia and against the state prosecutors or to consider the district court's denial of Molette's motion to enjoin the state's criminal proceedings. See Osterneck, 825 F.2d at 1528-29.

On appeal, Molette argues that the district court erred in dismissing his second amended complaint for failure to state a claim. We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008). In addition, we construe liberally pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

We first address Molette's claim against Bowen in his official capacity. "A suit against a public official in his official capacity is . . . treated as a suit against

4

the local government entity he represents, assuming that the entity receives notice and an opportunity to respond." McMillian v. Johnson, 88 F.3d 1573, 1576 n.2 (11th Cir. 1996) (citing Ky. v. Graham, 105 S.Ct. 3099, 3105 (1985)). Given this rule, our analysis of section 1983 official-capacity claims against Georgia sheriffs typically begins with a determination of whether the sheriff represented the state or the county when he engaged in the alleged unconstitutional conduct. See Grech v. Clayton Cnty., 335 F.3d 1326, 1330-32 (11th Cir. 2003) (en banc). We agree with the district court that such an inquiry is unnecessary in this case, however, because Molette's claim fails under either view.

If we assume, without deciding, that Bowen represented Newton County, then we treat Molette's claim as one against the county. To establish Newton County's liability under section 1983, Molette must identify a county policy -- meaning either "an officially promulgated county policy" or "an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county" -- that caused his injuries. See id. at 1329. Even construing liberally Molette's pro se complaint, he failed to identify such a policy or custom. As a result, he failed to state a claim for relief.

On the other hand, if we assume, without deciding, that Bowen represented the State of Georgia, Molette's claim still fails to state a claim under section 1983.

5

"[T]o prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a <u>person</u> acting under color of state law." <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001) (emphasis added). But the United States Supreme Court has concluded that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will v. Mich. Dep't of State Police</u>, 109 S.Ct. 2304, 2312 (1989). Thus, the district court concluded correctly that Molette's claim against Bowen failed to state a claim under section 1983 regardless of whether Bowen was acting as a representative of the county or of the state.

The district court also dismissed properly Molette's claim against Newton County based on <u>respondeat superior</u> because it is well-established that "[a] county's liability under § 1983 may not be based on the doctrine of <u>respondeat superior</u>." <u>See Grech</u>, 335 F.3d at 1329.

AFFIRMED.